{¶ 54} I concur with the majority's analysis and disposition of appellant's first, third and fifth assignments of error and the majority's disposition of appellant's second and fourth assignments of error. However, I respectfully disagree with the majority's analysis of appellant's second assignment.
 {¶ 55} While the majority, in its analysis of appellant's second assignment of error, holds that Detective Harbins's testimony that he contacted Big Train Coffee and was told that it had not been paid was not hearsay, I disagree. Detective Harbin's testimony clearly was "a statement, . . . other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid. R. 801(C). Detective Harbin's testimony, that he was informed by someone at Big Train that Big Train had not been paid, clearly was offered to prove that Big Train had, in fact, never been paid.
 {¶ 56} However, I believe that the admission of such testimony was harmless since there was other evidence of non-payment to Big Train Coffee. Michael Sayre, a friend of appellant's, testified that he was attempting to satisfy all of appellant's outstanding obligations on appellant's behalf. While Sayre testified that he called Big Train directly and gave it permission to run his debit card to satisfy appellant's debt, Sayre indicated that Big Train told him that it did not have permission to do so until it heard from the District Attorney's Office. Sayre testified that, as of April 5, 2002, Big Train had not been paid. At trial, Sayre further testified that he had no knowledge with respect to whether or not Big Train had ever been paid. Appellant himself testified at trial that he believed that Sayre had assisted him in making restitution on all 11 checks "except the Big Train checks and Chris Cobb checks . . ." Transcript at 304-305. Thus, there was evidence adduced at trial that, as of the date of trial, Big Train had yet to be paid.
 {¶ 57} Based on the foregoing, I would find that the trial court's admission of Detective Harbin's testimony constituted harmless error.
 {¶ 58} However, I find the majority's reasoning, that Detective Harbin's statement was not hearsay since such statement was offered to show that the Detective was told as part of his investigation that Big Train remained unpaid rather than for the fact that Big Train was unpaid, to be inconsistent with the majority's discussion of appellant's fourth assignment of error. While the majority, with respect to appellant's second assignment of error, holds that Detective Harbin's statement was not hearsay since it was not admitted for the truth of the matter asserted (that Big Train was not paid), the majority, in its discussion of appellant's fourth assignment of error, clearly uses such statement as proof that Big Train was not paid.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.
Costs assessed to appellant